UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMAN HENRY BOURG, JR. ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-1519** |
| **CITIBANK NA ET AL.** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss or Alternatively Motion for More Definite Statement. For the following reasons, the Motion is GRANTED.

### BACKGROUND

Appearing *pro se*, Plaintiffs Herman Henry Bourg, Jr. and Noel Ledet Bourg have brought claims against Citibank NA, as Trustee of the NRZ Pass Through Trust VI, and Select Portfolio Servicing Inc. Plaintiffs ask this Court to declare void a judgment entered by the 17th Judicial District Court of Louisiana foreclosing on their property. They allege, among other things, that the mortgage had been cancelled and that the attorney for the NRZ Pass-Through Trust VI presented insufficient evidence to obtain a foreclosure. In

addition, Plaintiffs complain that they never received notice of the transfer of ownership of their loan or a complete payment history.

Defendants have moved for dismissal of these claims on the grounds that this Court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim upon which relief can be granted. Alternatively, they request a more definite statement. Plaintiffs have failed to oppose Defendants' Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, this Court will consider the merits of Defendants' Motion.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[2] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed

---

[1] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[2] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

facts.[3] The proponent of federal court jurisdiction—in this case, the Plaintiffs—bears the burden of establishing subject matter jurisdiction.[4]

## **LAW AND ANALYSIS**

Defendants move for dismissal of Plaintiffs' claims for lack of subject matter jurisdiction. Specifically, Defendants allege that this Court does not have jurisdiction to overturn a state court's foreclosure judgment pursuant to the *Rooker–Feldman* doctrine. "[T]he *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress."[5] The Supreme Court has held that the doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[6] Accordingly, Plaintiffs' claims seeking relief from a state court's judgment foreclosing on their property fits squarely within this doctrine. On March 11, 2016, the 17th Judicial District Court for the Parish of Lafourche issued an order for the seizure and sale of the Plaintiffs' property. Plaintiffs now directly attack that judgment, arguing that the mortgage was canceled or that insufficient evidence was presented. "When issues raised in federal court are 'inextricably intertwined' with a state judgment and the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction to conduct such a

---

[3] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[4] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[5] Truong v. Bank of Am., N.A., 717 F.3d 377, 382 (5th Cir. 2013).
[6] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

review."[7]  Accordingly, this Court does not have subject matter jurisdiction over Plaintiffs' claims.[8]

Even if this Court does not lack subject matter jurisdiction over all of Plaintiffs' claims, however, Plaintiffs also lack standing to bring their claims. Plaintiffs' Complaint clearly alleges that they were forced to file for bankruptcy as a result of the incidents at issue in the Complaint. The Court takes judicial notice[9] that Plaintiffs filed for voluntary Chapter 7 bankruptcy on December 15, 2016, well after the events giving rise to the claims at issue here.[10] As Defendants correctly point out, causes of action that accrue prior to the filing of a bankruptcy petition are property of the estate.[11]  Once a cause of action becomes part of the bankruptcy estate, the debtor loses his rights to bring such an action.[12] The trustee becomes the only party with standing to prosecute the action, even after the case has ended.[13]  Accordingly, Plaintiffs no longer have standing to bring the causes of action alleged herein.

---

[7] Flores v. Citizens State Bank of Roma, Texas, 132 F.3d 1457 (5th Cir. 1997) (holding that court lacked jurisdiction to hear "an attempt to attack collaterally the validity of the state court judicial foreclosure and writ of execution").

[8] *See id.*

[9] *See* Taylor v. Charter Med. Corp., 162 F.3d 827, 830 (5th Cir. 1998) ("[A] court may take judicial notice of a 'document filed in another court . . . to establish the fact of such litigation and related filings.'")

[10] In re Herman Henry Bourg and Noel Marie Bourg, No. 16-13046 (Bankr. E.D. La. 2016).

[11] Featherston v. DRRF II SPE, LLC, No. 15-CV-375, 2016 WL 8856642, at *3 (W.D. Tex. Sept. 26, 2016).

[12] *Id.*

[13] *Id.* ("Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is 'abandoned' by the trustee to the debtor. At the end of a Chapter 7 case, property that has not been abandoned or administered—including property that was never scheduled—remains property of the estate. . . . [A] trustee, as the representative of the bankruptcy estate, is the real party in interest,

Because the Court has found that it lacks subject matter jurisdiction and Plaintiffs lack standing, it need not address the remainder of Defendants' arguments.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED, and this case is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

New Orleans, Louisiana this 7th day of November, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

and is the only party with standing to prosecute causes of action belonging to the estate." (internal quotations and citations omitted)).